**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


REGINALD JOE HOWARD,

      Plaintiff,

-vs-                                Case No.  8:12-cv-2892-T-30EAJ

DAVID GEE, SHERIFF, HILLSBOROUGH
COUNTY, et al.,

      Defendants.
_____/

## ORDER

     Plaintiff is a pre-trial detainee confined at Hillsborough County Jail (hereinafter "HCJ"), Tampa, Florida.  He initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915  (Dkt. 2).

     Plaintiff names Sheriff David Gee, the Hillsborough County Board of County Commissioners, and Corporal Rhodes as Defendants in this action.  Because Plaintiff is seeking redress from governmental officers, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.  In pertinent part, § 1915A provides:

> (a)    Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b)     Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

      (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

      (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and those who pay the requisite filing fee.  The procedure required by § 1915A is, by its terms, a screening process to be applied *sua sponte*.  *See id.*  The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  *See also* 28 U.S.C. § 1915(e) (pursuant to the Prisoner Litigation Reform Act, federal courts must dismiss an *in forma pauperis* prisoner's claims "if the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune form such relief.").

## Discussion

Plaintiff alleges that on November 25, 2012, and December 4, 2012, he requested the HCJ's law library to provide him with a copy of the Florida Statutes pertaining to burglary tools, grand theft, and resisting arrest.  Plaintiff's request, however, was denied because he

is represented by counsel, not proceeding *pro se*, in his criminal case.[1]   Plaintiff further alleges that on December 7, 2012, Defendant Rhodes told him that he could not file a grievance on the matter.

Plaintiff asserts that he has a constitutional right to read the statutes under which he was charged, and that Defendants' failure to provide him with the statutes violates his due process and equal protection rights, and amounts to cruel and unusual punishment under the Eighth Amendment.   As relief, Plaintiff requests monetary damages in the amount of $120,000.00 for pain and suffering and mental anguish.

## Analysis

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers.   *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys").   Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks.   "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action."   *GJR Investments, Inc.*

---

[1]The Court takes judicial notice of information on the Hillsborough County Clerk of Court's website, http://publicrecord.hillsclerk.com, which indicates in pertinent part that the Public Defender's Office was appointed to represent Plaintiff in case number 12-cf-016869, in which Plaintiff is charged with grand theft, possession of burglary tools, and obstructing or opposing an officer without violence.  Fed. R. Evid. 201.

*v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).  *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

In *Lewis v. Casey*, 518 U.S. 343 (1996) the Supreme Court held that "*Bounds* established no [right to a law library or to legal assistance]. . . . The right that *Bounds* acknowledged was the (already well-established) right of access to the courts." *Lewis*, 518 U.S. at 350 (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  The Eleventh Circuit has clearly stated that a plaintiff raising an access-to-court claim "must show actual injury before seeking relief." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).  A prisoner "cannot merely allege a denial of access to a law library. . ." *Id*. at 1291.  Construed liberally, Plaintiff's allegations raise a claim of denial of access to the courts.[2]  However, to prevail in an access-to-court claim, Plaintiff must show how Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement.  *Wilson*, 163 F.3d at 1290.

In the present case, Plaintiff is represented by counsel in his criminal proceedings. Plaintiff does not assert that counsel is incompetent to represent him.  A defendant who is represented by counsel has no constitutional right of access to legal materials or a law library. *See United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990), *cert. denied*, 498 U.S. 1104 (1991). *See also Wilson*, 163 F.3d at 1291 (finding no actual injury regarding prisoner's

---

[2]Plaintiff alleges an Eighth Amendment violation.  Nevertheless, the allegations of the complaint are clearly in the nature of an access to courts claim which do not implicate the Eighth Amendment. *See, e.g., Mitchell v. Maynard*, 80 F.3d 1433, 1448 (10th Cir. 1996) (the "constitutional protection of access to the courts is a due process right guaranteed by the Fourteenth Amendment and not the Eighth Amendment's cruel and unusual punishment clause. . . .").

claim that he had no access to law library as prisoner was represented by counsel in his criminal case); *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995) ("[T]he right of meaningful access to the courts requires prison authorities either to provide prisoners with adequate law libraries or to provide them with adequate assistance from persons trained in the law.").

Because Plaintiff is represented by counsel in his criminal proceedings, and because he has not alleged or shown that Defendants' conduct impeded him from pursuing a non-frivolous direct or collateral attack on a sentence or a challenge to conditions of confinement, Plaintiff has failed to meet the standard for access-to-court claims set forth in *Wilson*.

The Court finds that Plaintiff has failed to state a claim of denial of access to the courts. Accordingly, this claim is subject to dismissal pursuant to 28 U.S.C. § 1915A.

Furthermore, as relief, Plaintiff seeks only monetary damages in the amount of $120,000.00 for "pain and suffering" and "mental anguish." In order for a prisoner to recover for a mental or emotional injury suffered while in custody, the prisoner must establish that he suffered a physical injury. 42 U.S.C. § 1997e(e).[3] Because Plaintiff suffered no physical injury related to the denial of his request for a copy of the Florida Statutes

---

[3] 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

pertaining to the charges against him, Plaintiff is precluded from recovering damages under § 1983 based on this claim.[4]

Finally, to the extent Plaintiff alleges that he was denied equal protection under the law, to establish an equal protection claim, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and [that] (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).  Plaintiff does not allege that similarly situated prisoners received more favorable treatment, and that the decision to deny Plaintiff's request for copies of the Florida Statutes was the product of intentional discrimination based on his race or some other constitutionally protected basis. Therefore, the allegations of the complaint fail to satisfy both equal protection requirements. Accordingly, the complaint fails to state an equal protection claim upon which relief can be granted.

For the foregoing reasons, the Court finds that, pursuant to 28 U.S.C. § 1915A(b)(2), this matter cannot go forward at this time.  Discovery will not correct the defect in the complaint, and amendment would be futile.

---

[4]Although "nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages," Plaintiff has not sought nominal damages. *See Hughes v. Lott*, 350 F. 3d 1157, 1162 (11th Cir. 2003).  His request for $120,000.00 is inconsistent with a nominal damages request. *See e.g., Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 U.S. Dist. LEXIS 19469, 2010 WL 785646, at *3 n.1 (N.D. Fla. Mar. 4, 2010) (unpublished) ("Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $250,000 in compensatory and/or punitive damages.") (citing, *Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (unpublished)).

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's complaint is **DISMISSED** without prejudice for failure to state a claim for which relief can be granted (Dkt. 1).

2.      The Clerk of Court is directed to enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 2, 2013.

_____

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Plaintiff *pro se*

7